UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY G. SMITH, EXECUTIVE DIRECTOR of the TEAMSTERS UNION 25 HEALTH SERVICES INSURANCE PLAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAMBRIDGE STREET METAL COMPANY, INC.,<br><br>　　　　Defendant. | CASE NO. 04-12527-NG |

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**

By Motion filed herewith, the Defendant, Cambridge Street Metal Company, Inc. ("Cambridge Street Metal"), has moved to dismiss this case for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Because the Plaintiff, Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services Insurance Plan ("Plan"), sets forth claims that were or could have been asserted in its prior action against Cambridge Street Metal for an alleged violation of the same collective bargaining agreement ("Agreement") at issue here, the doctrine of res judicata bars this suit.

## I. FACTS ALLEGED IN THE INSTANT AND PRIOR COMPLAINTS

### A. The Instant Complaint[1]

The Plan alleges that: 1) pursuant to the Agreement between Teamsters Local 25 ("Union") and Cambridge Street Metal[2] (a copy of which is attached to the Complaint as Exhibit 1), Cambridge Street Metal was obligated to make certain contributions into the Plan (Complaint at ¶ 7); 2) under the Agreement, the Plan is authorized "to have an independent certified public accountant audit Defendant's payroll and wage records to determine the accuracy of its contributions to the Plan," Id. at ¶ 7; and 3) from October 17, 2003 to the present, Plan accountants have been denied access to Defendant's payroll records for purposes of auditing its contributions into the Plan from January 1, 1999 to December 31, 2003. Id. at ¶¶ 9-10.

Based on these allegations, the Plan brings two causes of action -- one under ERISA and one for breach of contract -- for the same relief, that is, "to enforce the terms of the Plan documents . . . and compel the Defendant . . . to allow the Plan to audit its payroll records concerning contributions made to the Plan" between January 1, 1999 and December 31, 2003. Complaint at ¶ 1.

### B. The Prior Complaint

On or about April 30, 2003, the Plan brought a previous suit in this Court against Cambridge Street Metal for enforcement of the same Agreement. In that suit, Case No. 03-

---

[1] Although the facts alleged in the instant Complaint must be taken as true for purposes of this motion, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991), Cambridge Street Metal denies most every substantive allegation therein.

[2] The Complaint erroneously claims that the collective bargaining agreement was made between the Plan and Cambridge Street Metal. See Complaint at ¶ 7. As is plain on its face (Complaint Exhibit 1 at 1), the Plan is not a party to the Agreement, which was entered into by the Union and Cambridge Street Metal. Id.

10817-RL, a copy of the original Complaint of which is attached hereto as Exhibit A, the Plan alleged that: 1) pursuant to the Agreement, Cambridge Street Metal was obligated to make certain contributions into the Plan (Exhibit A at ¶ 6); and 2) "[t]he Defendant has failed to make the required contributions to the Plan for the months of January 2003 and February 2003 and continuing through the present" (Id. at ¶ 11). Based on these allegations, the Plan brought a single claim under ERISA for these alleged unpaid contributions. Id. at ¶¶ 7-9.

On or about September 30, 2003, after moving for and receiving from the Court leave to do so, the Plan filed its First Amended Complaint, a copy of which is attached hereto as Exhibit B. That First Amended Complaint added to the Plan's unpaid contributions claim a second ERISA claim based on the allegation that "[t]he Defendant violated the terms and conditions of the Plan when it failed to notify the Plaintiff of its unilateral termination of the contributions to the Plan and the Plaintiff incurred losses as it paid claims that it otherwise was not obligated to pay" (Exhibit A at ¶ 13).[3]

On or about December 16, 2003, the parties voluntarily dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1)(ii). See Stipulation of Voluntary Dismissal With Prejudice, a copy of which is attached hereto as Exhibit C. As indicated in the document's title, the case was dismissed with prejudice. Id.

---

[3] The Plan's motion to amend was prompted by an affirmative defense in Cambridge Street Metal's Answer to the original complaint stating that having negotiated to terminate its contributions to the Plan to impasse, Cambridge Street Metal implemented its last offer effective December 22, 2002 and was thereafter not obligated to make contributions to the Plan. The Plan sought to amend the complaint to add a second claim based on Cambridge Street Metal's alleged failure to inform the Plan of this fact.

II.     **ARGUMENT**

**Because The Claims Set Out In The Instant Case Were Or Could Have Been Asserted In The Prior Action Between The Parties, They Should Be Dismissed As Barred By Res Judicata.**

The doctrine of res judicata, also known as claim preclusion, promotes the goals of fairness and efficiency by preventing vexatious or repetitive litigation. Caballero-Rivera v. The Chase Manhattan Bank, N.A., 276 F.3d 85, 86 (1st Cir. 2002), cert. denied, 536 U.S. 905, 122 S. Ct. 2359, 153 L. Ed. 2d 181 (2002). Res judicata embodies "'a fundamental precept of common-law adjudication' which holds that a claim or issue which parties had a full and fair chance to litigate should, after judgment, forever be put to rest as between those parties." 8 Moore's Federal Practice, § 131.12[1] (Matthew Bender 3d ed.) (quoting Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)).

"A claim will be precluded by res judicata if the following elements are demonstrated: (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Caballero-Rivera, 276 F.3d at 86-87 (internal citations and quotations omitted).

Cambridge Street Metal can easily demonstrate each of these elements. First, the parties to the previous lawsuit and the instant case are identical. Compare Complaint at ¶¶ 1, 4 and 6 with Exhibit B at ¶¶ 1, 4 and 5.

Moreover, the parties having filed a Stipulation of Voluntary Dismissal With Prejudice (Exhibit C), the prior suit concluded with a final judgment on the merits. In this regard, "a voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the res judicata criterion." United States v. Cunan, 156 F.3d 110, 114 (1st Cir.

1998). See also, Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534 (4th Cir. 1991) ("A voluntary dismissal with prejudice under Fed. R. Civ. 41(a)(2) is a complete adjudication on the merits of the dismissed claim"); 8 Moore's Federal Practice, § 41.34[6][c] (Matthew Bender 3d ed.) ("When the stipulation is made with prejudice, the voluntary dismissal has the same res judicata effect as a final adjudication on the merits favorable to the defendant").

Finally, because the causes of action brought in this case are sufficiently identical to those brought – or which could have been brought – in the prior case, res judicata bars the instant claims. "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979). See also, Pasterczyk v. Fair, 819 F.2d 12, 13 (1st Cir. 1987) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); Prizio v. City of Revere, 629 F. Supp. 538, 539-40 (D. Mass. 1986) ("a plaintiff may not 'split' his claim and later attempt to relitigate issues that were or could have been dealt with in the earlier litigation . . . . [C]laim preclusion applies to claims that could have been brought as well as to those actually asserted") (internal citations and quotations omitted); 8 Moore's Federal Practice, § 131.10[3][c] (Matthew Bender 3d ed.) ("A claim, for purposes of claim preclusion, includes not only those matters actually addressed by the prior judgment, but those matters which could have been raised in that action").

The instant Complaint plainly sets out a claim that was known to the Plan and therefore could have – and should have – been brought as part of the prior case. As noted,

the prior lawsuit was premised <u>inter alia</u> on Cambridge Street Metal's alleged breach of the Agreement by failing to make contributions to the Plan in January and February 2003 and thereafter. <u>See</u> Exhibit B at ¶ 11. The prior suit was dismissed with prejudice on or about December 16, 2003. <u>See</u> Exhibit C.

In the instant suit, the Plan impermissibly attempts to reach back into the time period <u>before</u> that encompassed by the prior suit – the period between January 1999 and December 2003 – to assert a claim based on Cambridge Street Metal's alleged breach of the Agreement in refusing to allow an audit of Plan contributions. As the Plan itself concedes, it knew of the existence of its audit claim during the pendency of the prior suit, alleging in the instant Complaint that "from October 17, 2003" it had been denied the audit it seeks here. Complaint at ¶¶ 9-10. As such, the Plan was aware of its instant claim at least two months before the December 16, 2003 dismissal of the prior lawsuit with prejudice, and res judicata precludes the Plan from bringing that claim here.[4]

Yet, even if the Plan were not aware of the accrual of its audit cause of action at the time of the prior lawsuit, res judicata would still preclude the instant suit. "[I]n defining a 'cause of action' for purposes of <u>res judicata</u>, the First Circuit adheres to a broad 'transactional' approach that embraces all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected

---

[4] Indeed, because the Plan seeks to audit Cambridge Street Metal's payroll records back to January 1999 (Complaint at ¶ 9) – that is, <u>four years</u> before the time period covered by the prior suit – the Plan plainly knew or should have known of the existence of the instant audit claim not months but years before the prior lawsuit. Moreover, that the Plan immediately amended its original complaint in the prior matter (Exhibit B) upon learning that it may have a claim based upon Cambridge Street Metal's implementation of its last offer to cease contributions into the Plan, is affirmative proof that the Plan was well aware of the importance of bringing all Agreement-related claims in existence at that time.

transactions, out of which the action arose." Cunan, 156 F.3d at 114 (internal citations and quotations omitted).

> What factual grouping constitutes a "transaction," and what groupings constitute a "series" are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments, § 24. See also, Apparel Art Int'l, Inc. v. Amertex Enters., Ltd., 48 F.3d 576, 583 (1st Cir. 1995) ("This court has adopted the methodology of the Restatement (Second) of Judgments in defining cause of action for res judicata purposes").

Here, there is no rational basis on which to argue – as the Plan apparently does – that the instant cause of action for an audit to determine Cambridge Street Metal's contributions into the Plan under the Agreement involves a different "transaction" from the Plan's prior cause of action for Cambridge Street Metal's unpaid contributions into the Plan under the same Agreement. Rather, both causes of action concern the exact same subject matter of the exact same Agreement over the exact same time period. Indeed, the claims are so closely related it is difficult to see how the Plan could even make an unpaid contributions claim without simultaneously obtaining an audit to substantiate that claim.

In short, by bringing its prior claim for unpaid contributions "for the months of January 2003 and February 2003 and continuing through the present" (Exhibit B at ¶ 11), the Plan effectively and irrevocably asserted its satisfaction with Cambridge Street Metal's contributions before January 2003 and, therefore, waived any right to audit its contributions prior to that date. Similarly, by voluntarily dismissing the prior suit with prejudice on December 16, 2003, the Plan effectively and irrevocably asserted its satisfaction with

Cambridge Street Metal's contributions between January 2003 and December 2003 (Exhibit B at ¶ 11) and, therefore, waived its right to audit those contributions.[5] As such, the doctrine of res judicata bars the Plan from bringing the instant suit for an audit and the Complaint should be dismissed in full.[6]

### III. CONCLUSION

For all of the foregoing reasons, Cambridge Street Metal respectfully requests that the Court dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

CAMBRIDGE STREET METAL
COMPANY, INC.

By its attorneys,

Kay H. Hodge (BBO# 236560)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated: January 31, 2005

---

[5] The Plan's anticipated argument against preclusion – that its instant claim for an audit of contributions is somehow distinct from its prior claim for unpaid contributions – concedes that res judicata would bar a new lawsuit for delinquent contributions. It strains credulity to believe that the Plan merely wants its audit with the understanding that it has no right to pursue any unpaid contributions such an audit might uncover.

[6] Count II, purporting to assert a common law claim for breach of contract, should also be dismissed as preempted by ERISA. See 29 U.S.C. § 1144(a) (preempting "any and all State laws insofar as they . . . relate to any employee benefit plan") and 29 U.S.C. § 1144(c)(1) (defining "state laws" to include "all laws, decisions, rules, regulations, or other state action having the effect of law"). See also, Board of Trustees of the Hotel and Restaurant Employees Local 25 v. The Madison Hotel, Inc., 97 F.3d 1479, 1486-87 (D.C. Cir. 1996) ("Even common law causes of action, such as breach of contract, which were not specifically intended to apply to benefit plans covered by ERISA, will nonetheless be preempted insofar as they affect ERISA-protected rights").

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY G. SMITH, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 HEALTH SERVICES )
AND INSURANCE PLAN, )
)
    Plaintiff, )
) Civil Action No.
v. )
)
CAMBRIDGE STREET METALS COMPANY, INC., )
)
    Defendant. )

## COMPLAINT

### Introductory Statement

1.     This is an action brought on behalf of Teamsters Union 25 Health Services and Insurance Plan (hereinafter, the "Plan") for the collection of delinquent contributions to an employee welfare benefit plan.

### Jurisdiction and Venue

2.     Plaintiff invokes the jurisdiction of this Court pursuant to Section 502 (e)(1) of the Employee Retirement Income Security Act (hereinafter, "ERISA"), as amended, 29 U.S.C. § 1132(e)(1), which grants the district courts of the United States exclusive jurisdiction of civil actions brought to enforce the terms of an employee benefit plan and/or the provisions of ERISA.

3.     Venue is proper in this District Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), which provides that an action may be brought in the district where the plan is administered.

### Parties

4.  Rodney G. Smith (hereinafter, "Plaintiff") is the Executive Director of the Plan. He is a "fiduciary" of the Plan within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1), and is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Plan is administered by Trustees and exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts 02129.

5.  Cambridge Street Metal Company, Inc. (hereinafter, "Defendant") is a corporation with a usual place of business at 500 Lincoln Street, P.O. Box 325, Allston, Massachusetts 02134.

### Facts

6.  Throughout all times relevant herein, Defendant Cambridge Street Metal Company, Inc. has been obligated to make contributions to the Plan in accordance with the terms of an Agreement and Declaration of Trust executed between Defendant and the Plan, said contributions to be made on behalf of each employee of the Defendant performing work within the scope of and/or covered by one or more collective bargaining agreements executed by the Defendant and Teamsters Local Union No. 25 (hereinafter, "Local 25").

### Cause of Action

7.  Plaintiff hereby realleges Paragraphs 1 through 6 above.

8.  The Defendant has failed to make the required contributions to the Plan for the months of January 2003 and February 2003 and continuing through the present.

9.     Based upon past monthly contributions, the Defendant is estimated to owe the Plan $4,010.00.

### Prayers for Relief

WHEREFORE, the Plaintiff prays that judgment enter for the following, all as provided for by Section 502(g)(2) of ERISA, 29 U.S.C. §132(g)(2):

(1)    The delinquent contributions;

(2)    Interest on the delinquent contributions;

(3)    Liquidated damages in the amount of 20% of the delinquent contributions;

(4)    Reasonable attorney's fees and costs of this action; and

(5)    Such other legal or equitable relief as deemed appropriate by this Court.

For the Plaintiff,
RODNEY G. SMITH,
EXECUTIVE DIRECTOR of the
TEAMSTERS UNION 25 HEALTH
SERVICES AND INSURANCE PLAN,
By his attorney,

_____
Matthew E. Dwyer
BBO# 139840
Dwyer, Duddy and Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108-1804
(617) 723-9777

Dated: April ⅴ, 2003

f:\25hsip\cambridge metals-plds\complaint.doc:blg

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY G. SMITH, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 HEALTH SERVICES )
AND INSURANCE PLAN, )
)
    Plaintiff, )
) Civil Action No.
) 03-10817-RCL
v. )
)
CAMBRIDGE STREET METALS COMPANY, INC., )
)
    Defendant. )

### FIRST AMENDED COMPLAINT[1]

#### Introductory Statement

1.    This is an action brought on behalf of Teamsters Union 25 Health Services and Insurance Plan (hereinafter, the "Plan") for the collection of delinquent contributions to an employee welfare benefit plan.

#### Jurisdiction and Venue

2.    Plaintiff invokes the jurisdiction of this Court pursuant to Section 502 (e)(1) of the Employee Retirement Income Security Act (hereinafter, "ERISA"), as amended, 29 U.S.C. § 1132(e)(1), which grants the district courts of the United States exclusive jurisdiction of civil actions brought to enforce the terms of an employee benefit plan and/or the provisions of ERISA.

3.    Venue is proper in this District Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), which provides that an action may be brought in the district where the plan is administered.

---

[1] Leave To File Granted.

## Parties

4.   Rodney G. Smith (hereinafter, "Plaintiff") is the Executive Director of the Plan. He is a "fiduciary" of the Plan within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1), and is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Plan is administered by Trustees and exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts 02129.

5.   Cambridge Street Metal Company, Inc. (hereinafter, "Defendant") is a corporation with a usual place of business at 500 Lincoln Street, P.O. Box 325, Allston, Massachusetts 02134.

## Facts

6.   Defendant Cambridge Street Metal Company, Inc. had been obligated to make contributions to the Plan in accordance with the terms of an Agreement and Declaration of Trust executed between Defendant and the Plan, said contributions to be made on behalf of each employee of the Defendant performing work within the scope of and/or covered by one or more collective bargaining agreements executed by the Defendant and Teamsters Local Union No. 25 (hereinafter, "Local 25"). See attached Exhibit "A."

7.   On June 16, 2003, the Defendant filed its Answer and alleged as its third affirmative defense that "having negotiated to terminate its contributions to the employee welfare benefit plan at issue to impasse, the Defendant implemented its last offer effective December 23, 2002 and therefore has no obligation to pay the contributions the Plaintiff seeks in his Complaint."

8.   The Plaintiff learned, for the first time, of the employer's termination of contributions to the Plan upon receipt of the Defendant's Answer as the Defendant had failed to notify the Plan of said termination.

9.  Due to the Plaintiff's belief that the Defendant was a contributing employer to the Plan the Plaintiff covered claims of employees of the Defendant even though the Defendant had terminated its contributions to the Plan.

## Cause of Action

### Count I

10. Plaintiff hereby realleges Paragraphs 1 through 9 above.

11. The Defendant has failed to make the required contributions to the Plan for the months of January 2003 and February 2003 and continuing through the present.

12. Based upon past monthly contributions, the Defendant is estimated to owe the Plan $4,010.00.

### Count II

13. The Defendant violated the terms and conditions of the Plan when it failed to notify the Plaintiff of its unilateral termination of contributions to the Plan and the Plaintiff incurred losses as it paid claims that it otherwise was not obligated to pay.

14. The Plan has provided benefits to the Defendant's employees during the period of time of January 2003 through the present and incurred expenses totaling $6,286.00

### Prayers for Relief

WHEREFORE, the Plaintiff prays that judgment enter for the losses incurred by the Plan for the coverage of employees whose employer had removed itself from participation in the Plan or the following, all as provided for by Section 502(g)(2) of ERISA, 29 U.S.C. §132(g)(2):

(1) The delinquent contributions;

(2) Interest on the delinquent contributions:

(3) Liquidated damages in the amount of 20% of the delinquent contributions;

(4) Reasonable attorney's fees and costs of this action;

(5) Such other legal or equitable relief as deemed appropriate by this Court.

                                                  For the Plaintiff,
RODNEY G. SMITH,
EXECUTIVE DIRECTOR of the
TEAMSTERS UNION 25 HEALTH
SERVICES AND INSURANCE PLAN,
By his attorney,

_____
Matthew E. Dwyer
BBO# 139840
Dwyer, Duddy and Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108-1804
(617) 723-9777

Dated: September 30, 2003
\\djserver\data\l25hsip\cambridge metals\plds\amended.complaint.doc:blg

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY G. SMITH, EXECUTIVE )
DIRECTOR of the TEAMSTERS )
UNION 25 HEALTH SERVICES )
INSURANCE PLAN, )
)
)
Plaintiff, )
)
v. ) CASE NO. 03-10817-RCL
)
CAMBRIDGE STREET METAL )
COMPANY, INC., )
)
Defendant. )

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

All parties stipulate that the claims of the plaintiff in the above-entitled action are hereby voluntarily discontinued and dismissed with prejudice pursuant to Rule 41(a)(1)(ii) Fed. R. Civ. P., each party to bear its own costs.

For the Plaintiff,
**Rodney G. Smith, Executive Director
For the Teamsters Union Health
Services & Insurance Plan,**
By his attorney,

_____
Matthew E. Dwyer (BBO#139840)
Dwyer, Duddy and Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108-1804
(617) 723-9777

For the Defendant,
**Cambridge Street Metal Company, Inc.,**

By its attorneys,

_____
Kay H. Hodge (BBO #236560)
John M. Simon (BBO #645557)
Stoneman, Chandler & Miller
99 High Street
Boston, MA 02110
(617) 542-6789

Dated: _____

Dated: 12/11/03