UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAY -2 P 1: 19

U.S. DISTRICT COURT
DISTRICT OF MASS

RODNEY G. SMITH, EXECUTIVE )
DIRECTOR of the TEAMSTERS )
UNION 25 HEALTH SERVICES )
INSURANCE PLAN, )
　)
　　　　Plaintiff, )
　)
v. ) CASE NO. 04-12527-NG
　)
CAMBRIDGE STREET METALS )
COMPANY, INC., )
　)
　　　　Defendant. )

## ANSWER

The Defendant, Cambridge Street Metals Company, Inc., hereby answers the correspondingly titled sections and numbered paragraphs of the Complaint as follows:[1]

### Introductory Statement

1. The allegations of paragraph 1 are introductory and/or state conclusions of law to which no response is required.

### Jurisdiction and Venue

2. The allegations of paragraph 2 state conclusions of law to which no response is required.

3. The allegations of paragraph 3 state conclusions of law to which no response is required.

---

[1] By Order dated April 19, 2005, the Court dismissed that portion of the Complaint seeking to audit Plan contributions from January 1, 1999 through September 30, 2003. As such, this Answer applies only to the time period now at issue in this lawsuit, that is, from October 1, 2003 through December 31, 2003.

Parties

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 4. The remaining allegations of paragraph 4 state conclusions of law to which no response is required.

5. The allegations of paragraph 5 state conclusions of law to which no response is required.

6. The Defendant admits the allegations of paragraph 6.

Allegations of Facts

7. The Defendant denies the allegations of paragraph 7.

8. The Defendant denies the allegations of paragraph 8.

9. The Defendant denies the allegations of paragraph 9.

10. The Defendant denies the allegations of paragraph 10.

Count I
(Enforcement of the Plan's Terms)

11. The Defendant incorporates and adopts as a response to this paragraph its responses to the preceding paragraphs realleged herein.

12. The Defendant denies the allegations of paragraph 12.

13. The Defendant denies the allegations of paragraph 13.

Count II
(Breach of Contract)

14. The Defendant incorporates and adopts as a response to this paragraph its responses to the preceding paragraphs realleged herein.

15. The Defendant denies the allegations of paragraph 15.

16. The Defendant denies the allegations of paragraph 16.

Unless expressly admitted, the Defendant denies each and every allegation of the Complaint.

The Defendant denies that the Plaintiff is entitled to any of the relief sought in the Complaint's "Wherefore" clause.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim or claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the applicable administrative prerequisites to his claims.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part under the doctrines of res judicata, collateral estoppel and/or law of the case.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the doctrines of waiver, estoppel and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the doctrine of accord and satisfaction.

WHEREFORE, the Defendant requests that this Court dismiss the Complaint in its entirety and that it be awarded its costs and attorneys' fees.

Respectfully submitted,

CAMBRIDGE STREET METALS
COMPANY, INC.

By its attorneys,

/s/ *signature*
Kay H. Hodge (BBO #236560)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated: April 29, 2005

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (~~by hand~~) on 4-29-05.

/s/ *signature*

4